OPINION OF THE COURT
Arthur F. Engoron, J.
*188 Ordered that plaintiffs motion “for an Order allowing the re-suspension of Defendant Johnny Ramirez’s driver’s license and registration privileges pursuant to [Vehicle and Traffic Law § ] 332 against the Defendant, Johnny Ramirez, only,” is denied without prejudice (1) to making any application to the Commissioner of Motor Vehicles; (2) to making any application in a court of superior subject matter jurisdiction, by way of a CPLR article 78 proceeding for mandamus or otherwise, if allowed by law; and/or (3) to making a motion to reargue a prior decision by a judge of this court, if timely and otherwise allowed by law.
Background
In this motor vehicle accident action, plaintiff obtained a default judgment, dated April 10, 2001, in the amount of $1,324.19, against defendant Johnny Ramirez (exhibit C). The judgment has never been satisfied. Pursuant to Vehicle and Traffic Law § 332, the Commissioner suspended the license of a “Johnny Ramirez” because of an “unsatisfied judgment” (exhibit D).
On or about September 15, 2003, movant Johnny Ramirez obtained an order to show cause seeking various forms of relief, including to have the judgment vacated, contending that there had been a case of “mistaken identity,” that he was not involved in the accident in any manner, and that he is not defendant Johnny Ramirez. Plaintiff opposed the motion, contending that movant Johnny Ramirez was indeed the defendant Johnny Ramirez involved in the accident and that, if he was not, he had no standing to challenge the license suspension. In an order that has not been submitted in support of the instant motion, but which has been described during a supplemental oral argument with both parties participating (see also moving affirmation 1110), the judgment was not vacated, but the license suspension was ordered lifted. The Commissioner apparently complied with this order and lifted the suspension.
Subsequently, plaintiff obtained further information that it believes convincingly demonstrates that movant Johnny Ramirez and defendant Johnny Ramirez are one and the same person. In support of the instant motion, plaintiff states that the Commissioner “cannot place a second suspension on the license and registration privileges of Defendant Ramirez without the Court so ordering.” (Moving affirmátion 1122.) During the aforesaid supplemental oral argument, plaintiff contended, among other things, that if Civil Court had the power (that is, subject matter jurisdiction) to vacate the suspension, it has the power to reinstate the suspension.
*189 Discussion
In this court’s view, Vehicle and Traffic Law § 332 does not grant Civil Court (or any court, in the first instance) the power to order the Commissioner to suspend or reinstate a license based upon issues of “mistaken identity.” Furthermore, Civil Court’s subject matter jurisdiction does not, generally speaking, extend to such matters. (See generally, CCA art 2.) Civil Court, like the federal district courts, is a court of limited jurisdiction, with specifically enumerated powers; it is unlike the New York State Supreme Court, which has general, unlimited subject matter jurisdiction.
The Legislature has conferred on the Commissioner, in the first instance, as an administrative matter, questions of the identity of the holder of a license, and whether the holder is the same person as a particular judgment debtor. Otherwise, would a court be obligated to conduct a full-blown trial to determine identity issues in a situation like this? If not, how would judges deciding motions make credibility determinations? What would be the standard, and burdens, of proof? This court believes that the Legislature conferred such determinations on the Commissioner, subject to the usual process of review in the courts.
Interestingly, Vehicle and Traffic Law § 334 allows “the court” to restore (or “not suspend”) a license based upon proof of “financial responsibility.” That is of no avail to plaintiff here for at least two reasons: (1) said provision prevents, rather than provides for, suspensions, and (2) said provision is dependent upon “financial responsibility” issues, not identity issues. Furthermore, said provision demonstrates that when the Legislature wants to provide courts with particular subject matter jurisdiction in this area, it does so expressly and explicitly.
Of course, in exercising its jurisdiction, Civil Court has “all of the powers that the supreme court would have in like actions and proceedings.” (CCA 212.) However, directing an official of the executive branch of government to undertake an act does not fit within the “jurisdiction” conferred by article 2, and would violate the separation of powers doctrine.
In the final analysis, a judgment creditor or, on the other hand, a license holder who believes himself or herself aggrieved by the Commissioner’s identity determinations would have to seek redress in Supreme Court by way of a CPLR article 78 proceeding in the nature of mandamus, subject to an “arbitrary and/or capricious” or similar standard of review.
Thus, this court finds itself without authority and without subject matter jurisdiction as to the relief sought herein and, *190 hence, powerless to act. However, this conclusion has no bearing on the identity issue plaintiff seeks to raise, an issue this court does not reach. Therefore, the instant motion is denied without prejudice, as described more fully above.